MRS. GRANT C. SMITH V. TEXAS EMPLOYERS' INSURANCE ASSOCIATION.

No. 6855.  Decided May 12, 1937.
Rehearing overruled June 9, 1937.
(105 S. W., 2d Series, 192.)

*White & Yarbrough* and *F. M. Chaney*, all of Dallas, for plaintiff in error.

Where an employee works for an undertaking company and is under the control of his employer from 8 A. M. to 10 P. M. during all of which time he is subject to orders of the employer and required to remain within calling distance of employer's place of business and for which time the employer pays him, and he has no time of his own to attend to personal matters, gets injured while returning to his employer's place of business after eating a meal, the injury is sustained in the course of his employment. Federal Surety Co. v. Ragle, (Com. App.) 40 S. W. (2d) 63; Maryland Casualty Co. v. Smith, 40 S. W. (2d) 913; Parker v. Royal Ind. Co., 59 S. W. (2d) 243.

*James P. Swift,* of Dallas, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This is a case under the Workmen's Compensation Law. In the trial court, judgment was rendered in favor of Mrs. Grant C. Smith, the plaintiff in error here. That judgment was reversed by the Court of Civil Appeals and judgment rendered for the Texas Employers' Insurance Association, the defendant

in error here. 75 S. W. (2d) 732. The writ of error was granted because of the dissenting opinion of Justice LOONEY.

The statement of the material facts made by the Court of Civil Appeals in its majority opinion is substantially correct and is as follows:

"The undisputed facts, as disclosed by the record, bearing upon the question involved, show that the deceased was an employee of the Ed C. Smith & Brother Undertaking Company, and, on the occasion of the fatal injuries, he was on his evening meal hour, returning from his home to the place of his employment, and that his injuries arose out of an automobile collision occurring at the intersection of two public streets in the City of Dallas, Texas, several blocks removed from the premises of the employer, in which his personally owned and operated automobile (over which his employer had no right in or control over) was involved in a collision with an automobile owned and operated by a stranger to this suit.

"The deceased's employment embraced different kinds of work, including embalming, making arrangements with representatives of deceased persons for funerals, and conducting funerals generally. In this work, he used exclusively, his employer's automobile. His working hours were from 8 o'clock A. M. to 10 o'clock P. M., with an intermission of an hour for his noon and evening meals, which time he was privileged to utilize to his own personal use as he saw fit, subject only to be called by telephone, when needed. His employment compelled him to be in reach of a telephone during work hours, and to leave with his employer information of his whereabouts, when he was at his meals elsewhere than his home. He was not permitted to take meals away from his home, without leaving directions at his employer's office where he could be reached, when wanted.

"On the occasion of his injuries, Grant C. Smith reached his home about 6:30 P. M., ate his evening meal hurriedly, and left hurriedly, stating, to his family, that he was going back to work, the collision occurring about 7 o'clock on his return, at a street intersection in direct line from the deceased's home and the place of his employment."

After an exhaustive review of the authorities we have concluded that the majority opinion of the Court of Civil Appeals should be upheld, and we will rather fully state our reasons for such conclusion.

1 It is now firmly settled by the decisions construing our statute that "in order that an employee may recover under the

provisions of the Compensation Law, proof that his injury occurred while he was engaged in or about the furtherance of the employer's affairs or business is not alone sufficient. He must also show that his injury was of such kind and character as had to *do with* and *originated in* the employer's work, trade, business or profession." Texas Indemnity Insurance Company v. Clark, 125 Texas 96, 81 S. W. (2d) 67, and authorities there cited.

**2** It has further been firmly settled that compensation is not allowable for injuries to employees while going to or returning from the place of their employment, except in certain particular cases. Viney v. Casualty Reciprocal Exchange, 82 S. W. 1088; London Guaranty & Accident Company v. Smith, 290 S. W. 774 (writ refused); American Indemnity Co. v. Dinkins, 211 S. W. 949 (expressly approved in Lumberman's Reciprocal Association v. Behnken, 112 Texas 103, 246 S. W. 72, 28 A. L. R. 1402); Lloyds Casualty Company v. Rodriguez, 36 S. W. (2d) 261 (writ refused). This conclusion is based on the premise that one injured upon the streets or highways while going to or from his work suffers his injury as a consequence of risks and hazards of the streets and highways to which all members of the public are alike subject, and not as a consequence of risks and hazards having "to do with and originating in the work, business, trade or profession of the employer." The statute clearly implies, as has frequently been held, that the injury has to do with and originates in the employment when such injury is the result of some peril, risk or hazard inherent in or incident to the conduct of the work or business.

There has been developed in more recent years a clearly defined exception to the general rule concerning "street risks." See Annotations in 51 A. L. R., pp. 509 to 534, and in 80 A. L. R., pp. 126 to 133. This exception arises in favor of employees such as deliverymen, messengers, collectors, and others, who by the very nature of the work they have contracted to do are subjected to the perils and hazards of the streets; in which case it may be properly said that the risks are inherent in and incident to the employment. This exception was recognized in the case of Ætna Life Insurance Company v. Palmer, 286 S. W. 283, in which writ of error was refused. The rule is very aptly stated in 51 A. L. R., p. 516, in a quotation from an English case as follows:

"If a servant in the course of his master's business has to pass along the public street, whether it be on foot or on a bicycle, or on an omnibus or car, and he sustains an accident

by reason of the risks incidental to the streets, the accident arises out of as well as in the course of his employment. The frequency or infrequency of the occasions on which the risk is incurred has nothing to do with the question whether an accident resulting from that risk arose out of the employment. The use of the streets by the workman merely to get to or from his work, of course, stands on a different footing altogether, but, as soon as it is established that the work itself involves exposure to the perils of the streets, the workman can recover for any injury so occasioned. * * * Where the risk is one shared by all men, whether in or out of employment, in order to show that the accident arose out of the employment it must be established that special exposure to it is involved. But when a workman is sent into the street on his master's business, whether it be occasionally or habitually, his employment necessarily involves exposure to the risks of the streets and injury from such a cause arises out of his employment. There is nothing in the act about any necessity for showing that the employment involves an extra or special risk; and once it is clear, as it is in the present case, that the accident was the result of a risk necessarily incidental to the performance of the servant's work, all inquiry as to the frequency or magnitude of the risk is irrelevant. It is quite immaterial whether the nature of the employment involves continuous or only occasional exposure to the dangers of the streets. The frequency of the exposure to a risk increases the chance of the occurrence of an accident, but it has no bearing on the question whether it arose out of the employment, which is settled by the fact that such exposure was one of its terms, whether on many occasions or on one."

It is true that in the present case it is shown that the employee's duties required him to attend funerals, and to go from place to place in connection with funerals, and the preparation of bodies for burial, in which services he used the vehicles of his employer. It is plain that if he had been injured while upon the streets and while performing a service of this kind his injuries would have been compensable. It is shown affirmatively, however, that he was not called to the office in connection with the performance of any particular duty of his employment, and it was further shown that there was no special occasion which required his presence at the office at the time. At the most, it can only be said that he was returning to the office in his own car for the purpose of attending to duties there, although this is not made certain by the testimony. The only proof is that he was going back to the office.

**3** It appears to be the settled rule that even though the contract of employment contemplates that the employee, while engaged generally in the performance of his duies, may be subjected to the perils and hazards of the streets and highways, nevertheless in order that an injury resulting from the risks of the streets may be compensable, the employee, at the time of the injury, must be actually engaged in the performance of some particular duty of his employment, or must be upon some substantial mission of his employer in the course of his employment, which subjects him to such perils. This was true in the case of Consolidated Underwriters v. Breedlove, 114 Texas 172, 265 S. W. 128. We are unable to see how it can be said that the deceased employee in this instance occupied a position in any sense different from the ordinary employee who is injured while returning from his meals, in his own conveyance, to the place of his employment. The fact that he may still have been within the hours of his employment, or the fact that he was subject to call while at his home, is not controlling. These conditions may have been sufficient to bring the accident within the "course of the employment," but they could not in any manner change the situation with reference to the risks which were directly responsible for the injury. As above stated, it was undisputedly shown that if the deceased was on his way to the office for any purpose connected with his employment, such service was to be performed upon the premises, and not upon the streets. This circumstance brings the case in principle squarely under the decision in the Ætna Life Insurance Company v. Palmer, supra, where it was held that the injury in question did not come within the Compensation Law. It is true in practically all cases that the employee who goes to his home for his meals is perforce his contract subject to call to return to his place of employment when he has finished his meal.

In addition to the clear implications of our own decisions the following authorities appear to clearly support the conclusion herein expressed: Inland Gas Corporation v. Frazier, 246 Ky. 432, 55 S. W. (2d) 26; W. T. Congleton Co. v. Bradley, 259 Ky. 127, 81 S. W. (2d) 912; Sullivan v. Industrial Commission, 79 Utah 317, 10 Pac. (2d) 924; Dent v. Ford Motor Company, 275 Mich. 39, 265 N. W. 518; California Casualty Indemnity Exchange v. Industrial Commission, 190 Cal. 433, 213 Pac. 257; Balboa Amusement Producing Company v. Industrial Accident Commission, 35 Calif. App. 793, 171 Pac. 108; Marks' Dependents v. Gray, 251 N. Y. 90, 167 N. E. 181; Lipinski v. Sutton Sales Co., 220 Mich. 647, 190 N. W. 705.

In this latter case the injured employee was a salesman, whose duties required him to be frequently upon the streets. He was injured while returning from lunch to the sales room of his employer. The case is almost a parallel case with the present one. Upon the question in point the court said:

"An examination of the cases where the accident was upon the street and liability was sustained will disclose that in each case the employee was *at the time of the accident* in the discharge of his duties to the employer, and the accident arose out of the discharge of such duties. Not so the instant case. When the accident occurred here, the decedent was in the discharge of no duty to the employer, and the accident did not arise out of such employment." (Emphasis by the court.)

For the reasons stated, the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court May 15, 1937.

Rehearing overruled June 9, 1937.