GRAVES et al. v. TEXAS EMPLOYERS'
INS. ASS'N.

No. 13744.

Court of Civil Appeals of Texas. Dallas.

Oct. 18, 1946.

Rehearing Denied Nov. 15, 1946.

W. E. Pinkston and W. H. Hall, both of Dallas, for appellants.

Robertson, Leachman, Payne, Gardere & Lancaster and W. Orrin Miller, all of Dallas, for appellee.

BOND, Chief Justice.

This is a compensation case; the only question involved being whether the plaintiff Clarice Locke Graves sustained her injuries while she was engaged in or about the furtherance of the affairs or business of her employer, Baylor University Hospital. On trial to a jury on special issues, the controlling and determinative question was: Was plaintiff engaged in the course of her employment at the time she sustained the injuries? The jury answered "No." In due time, plaintiff filed a motion for judgment notwithstanding the verdict, which was overruled and judgment entered in favor of the defendant insurance carrier, Texas Employers' Insurance Association.

In the charge to the jury the trial court defined "course of employment" in verbatim of the statute, Art. 8309, sec. 1, subdv. 4, Vernon's Ann.Civ.St., to which no objection was urged by the plaintiff. Such definition has been uniformly held to be good. The term embraces two elements: (1) The injury must have to do with and originate in the work; and (2) must have been suffered while the employe was engaged in and about the performance of the employer's affairs or business. American Indemnity Co. v. Dinkins, Tex.Civ. App., 211 S.W. 949; Smith v. Texas Employers' Ins. Ass'n, 129 Tex. 573, 105 S.W. 2d 192; Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402; McKim v. Commercial Standard Ins. Co., Tex.Civ.App., 179 S.W. 2d 357.

It will be seen that the statute does not provide liability insurance against every accident happening to an employe,

either on or off the premises of the employer. The injury must have been received while engaged in the work or business of the employer; must have resulted from a risk or hazard which was necessarily or reasonably inherent in or incident to the conduct of such work or business; Texas Employers' Ins. Ass'n v. Grammar, Tex.Civ.App., 157 S.W.2d 701 (writ refused).

The case reaches this court on an agreed narrative statement of facts reciting, in legal effect, identical situation with that presented in other authoritative cases: McKim v. Commercial Standard Ins. Co., supra, and cases cited. Pertinent here, the facts are that plaintiff was injured after work hours, after she was off duty and on a mission of purely personal nature. The mission on which she was engaged was not in furtherance of, or necessarily or reasonably inherent in or incident to the conduct of the work or business of her employer. She was an employe of Baylor University Hospital and her duties required her to work in the diet kitchen located in the basement of the main hospital building, washing dishes and doing other kinds of labor under supervision and direction of the dietician or other persons in charge. She was required to punch a time clock upon coming to and leaving from her employment; her usual time for quitting work was 5:00 P.M., when she changed from her uniform, put on street clothes and left the building through a large double door located about fifteen feet from the time clock. On the day appellant received her injuries, she had quit work, changed her uniform, put on her street clothing, and had gone to the time clock and punched out to go home. She then turned, changed her course, and decided to visit an uncle who was a sick patient in the colored ward of the hospital, before leaving the building. She walked through the basement to a steam tunnel extending underneath a street or passageway to the basement of another building, or annex, located on the grounds, used exclusively for colored patients. She passed through the tunnel and, after reaching the annex, decided to use the elevator instead of steps in going to the third floor where her uncle was a patient. This elevator was not used or intended for passengers, only for freight and employes; and, as she ascended, her foot was caught between the elevator and the floor of the third story of the building, resulting in her injuries for which she sought compensation. Plaintiff testified that all of the colored employes were instructed to enter and leave the hospital by way of the double screen door, which door was in the basement of the main building and only a few feet away from the time clock; that she had on all prior occasions used the double screen doors upon entering and leaving the hospital, as she had been instructed to do, and that this was the only occasion on which she had gone through the steam tunnel after she had punched the time clock and checked out from work. She further testified that on this occasion, if she had not been going to see her uncle, she would have left the premises through this double screen door which led out to Gaston Avenue where she ordinarily caught the bus for home; but having decided to visit her uncle, she said that she did not go out the usual way but went through the steam tunnel over to the colored annex building in order that she could go and visit her uncle before going home; that after she had seen her uncle, she would have had to come back down from the third floor to the basement of the colored annex, walk out of the basement door into the street, turn to her right and walk down to the corner of the building, where she would then come back onto the street which led to the place where she ordinarily caught her bus.

Manifestly, the above uncontroverted facts disclose that, at the time plaintiff sustained her injuries, she was not engaged in the performance of the work or business of her employer; and we think that it cannot be said that in going to see her sick uncle that such was necessarily or reasonably inherent in or incident to the conduct of such work or business. She had turned aside from her course to go home, was engaged at the time on a mission purely personal to her, and not neces-

sarily or reasonably inherent in or incident to her employment. Only where injuries sustained by an employe in the course of his employment or while engaged in some mission that has to do with or is reasonably inherent in or incident to the work or business of his employer, are such injuries compensable under the Workmen's Compensation law. The injuries plaintiff received were not the result of a risk or hazard which could be said to be incident to her work; she exercised a privilege not required under the terms of her employment, not incidental to the performance of any duty, but in pursuance of her private inclination and personal affair, wholly disconnected with the employment. She was not entitled to compensation under the law.

We have considered all appellant's points of error; they are severally overruled. Judgment of the court below is affirmed.