Clara MAPP, Appellant,

v.

MARYLAND CASUALTY
CORPORATION,
Appellee.

No. 09 86 122 CV.

Court of Appeals of Texas,
Beaumont.

Feb. 26, 1987.

Rehearing Denied March 11, 1987.
Judgment Reversed May 13, 1987.

Jon B. Burmeister, Moore, Landry, Garth & Jones, Beaumont, for appellant.

Robert A. Black, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellee.

## OPINION

BURGESS, Justice.

Clara Mapp worked for Reinauer Real Estate as an assistant manager. Her duties included displaying and renting apartment units at two different apartment complexes. She worked primarily in Port Arthur, Texas, but also worked in Orange, Texas one or two days per week. In March 1983, Mrs. Mapp was instructed to go to the Orange complex and relieve the manager there. She reported for work and performed her ordinary tasks. When the noon hour came, Mrs. Mapp turned on the telephone answering machine, locked the office and left the apartment premises for lunch. She went to a local cafeteria in a nearby shopping center and finished eating approximately 12:45 p.m. As she was entering her vehicle to return to the apartment complex, she was assaulted and then abducted. The kidnapper forced her into the vehicle and proceeded to leave Orange. Mrs. Mapp was able to jump out of the vehicle, but as a result of the attack and escape, sustained serious personal injuries.

In this lawsuit, Mrs. Mapp seeks to recover benefits under a policy of workers' compensation insurance that her employer had with appellee. Appellee moved for summary judgment in the court below on the basis that Mrs. Mapp's injuries were not sustained in the course and scope of employment. The trial court granted the motion and Mrs. Mapp appeals alleging error in that a material issue of fact existed as to whether she was acting in the course and scope of her employment at the time she was injured.

Summary judgment is a harsh remedy and should be strictly construed against the moving party. *Lee v. McCormick,* 647 S.W.2d 735 (Tex.App.—Beaumont 1983, no writ). Summary judgment may only be granted if the evidence offered in support of the motion establishes the movant's right to judgment as a matter of law. *Teer v. Duddlesten,* 664 S.W.2d 702 (Tex.1984). In deciding whether there is a disputed material fact, evidence favorable to the non-moving part will be taken as true, every reasonable inference from the evidence will be indulged in favor of the non-movant and any doubts resolved in his favor. *Montgomery v. Kennedy,* 669 S.W.2d 309 (Tex.1984).

■ In order to recover workers' compensation benefits, an employee must show that the injury was sustained in the course of employment. *TEX.REV.CIV.STAT. ANN. art. 8306 sec. 1* (Vernon 1967). Generally, an injury sustained in the course of employment must be of the kind or character originating in or having to do with the employer's work and must have occurred while engaged in the furtherance of the employer's business. *Texas Employers' Ins. Ass'n v. Page,* 553 S.W.2d 98 (Tex. 1977). However, an employee need not be engaged in the discharge of their specific duties incident to employment but may, in the course of their employment, perform acts of a personal nature that a person might reasonably do for his health and comfort such as quenching thirst or relieving hunger; such acts are considered incidental to the employee's service and any injuries sustained while doing so arise in the course and scope of employment and are thus compensable. *Yeldell v. Holiday Hills Retire. & Nursing,* 701 S.W.2d 243 (Tex.1985).

Many cases have held injuries sustained while having lunch or going to a meal compensable. For example in *Texas Employers' Ins. Ass'n v. Davidson,* 295 S.W.2d 482 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n.r.e.) the employee was injured during her lunch hour. She ate lunch at her work station and after finishing, slipped and fell while going to dispose of her trash. This injury was held to be within the course and scope of employment. In *Texas Employers' Ins. Ass'n v. Prasek,* 569 S.W.2d 545 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.) the employee died after choking on a particle of food. He was on a drilling site eating a meal in facilities provided by the employer for eating and sleeping. Also, in *Shelton v. Standard Insurance Company,* 389 S.W.2d 290 (Tex.1965) our Supreme Court found an employee was killed in the course and scope of his employment when he was struck by an automobile as he crossed the street from a motel to a restaurant. The employee was a truck driver and was "stranded" in Dallas due to his disabled truck. His presence at the motel and visit to the restaurant to eat were, therefore, incident to employment.

The facts of Mrs. Mapp's circumstance most closely parallel those in *Smith v. Texas Employers' Ins. Ass'n,* 129 Tex. 573, 105 S.W.2d 192 (1937). Mr. Smith worked for a funeral home. His working hours were from 8 a.m. to 10 p.m., with an hour for his noon and evening meal. During this meal period, Mr. Smith could eat anywhere he desired, but if he was not going to eat at home, he was required to notify his employer of his whereabouts. On the evening of his fatal injuries, Mr. Smith had gone home for his evening meal and was returning to the funeral parlor when he was involved in an automobile accident. His death was held not to have been in the course and scope of employment. We find no distinction between Mrs. Mapp's case and *Smith, supra.*

Mrs. Mapp can find no solace in the "temporary direction exception" found in *TEX.REV.CIV.STAT.ANN. art. 8309 sec. 1* (Vernon 1967). The purpose of this article was to eliminate the dilemma that faces an employee when he is instructed to perform a task outside his employer's usual business: either obey the employer and lose the compensation coverage or disobey the employer and lose his job. *Biggs v. United States Fire Ins. Co.,* 611 S.W.2d 624 (Tex. 1981). Here, Mrs. Mapp's duties in Orange were regular and routine. She was per-

forming her usual duties while on the premises in Orange.

■ The summary judgment evidence conclusive showed that Mrs. Mapp was not required to perform any duties during her lunch hour. She was not required to go to lunch at any particular place, or to even have lunch for that matter. As tragic and unfortunate as the incident was, there were no material facts raised as to course and scope of employment. The trial court did not err in granting the motion for summary judgment. The judgment of the trial court is affirmed.

AFFIRMED.

BROOKSHIRE, Justice, dissenting.

Respectfully, this dissent is filed. Clara R. Mapp was and is a resident of Port Neches, in Jefferson County. On March 4, 1983, at the time of the occurrence made the basis of this case, she was a bona fide resident of Port Arthur, in Jefferson County. She was employed as an Assistant Manager for a real estate firm. She was hired to show and rent apartments in Foster Village, renamed Arthur Square, in Port Arthur. Later, her employer sent her to Orange, in Orange County, once or twice a week to relieve the manager in Orange, so that manager could have a day off. The apartments in Orange were located directly behind a shopping center. Her pay was $5. an hour and she customarily worked, she estimated, about 40 hours to 44 hours a week, including some 9–hour days.

The incident of March 4, 1983, took place near Wyatt's Cafeteria, close to her place of business. She had gone there for lunch. As she was leaving, on her way back to the Reinauer Real Estate office, she unlocked her van and a man that she did not know came behind her and pushed her into the van. He knocked her out. She came to when the vehicle was headed towards Little Cypress, in the rural area of Orange County. She tried to exit the van but the side door was locked. The assailant grabbed her arm and told her you "better not jump". He stepped on the gas pedal and was going about 50 to 55 miles per hour, but Clara Mapp did jump and landed on the asphalt, sustaining serious injuries.

When she was at lunch, she put her business phone on an answering machine. There was no time clock for her to punch in or punch out. The cafeteria was about ½ block away from her office. She was paid 15¢ per mile for traveling expenses.

Her injuries included a skull fracture. She was hospitalized at the Orange Memorial Hospital. The hospitalization lasted about 2 weeks. She sustained a broken finger on her left hand. Several bones were broken in the finger. She lost the entire movement of it. She sustained swelling and bruises over her entire face. Her right shoulder was injured. As a result of the skull fracture, she swore:

"A Then—then I started having real, real bad headaches; and so I had to call and go to emergency for that, to get something for it."

Reinauer Real Estate Company, Appellant's employer, had furnished absolutely nothing to eat and nothing to drink on its premises. It did not have any place to prepare food and Mapp simply had to go out and eat because she could not work for 8 or 9 hours without eating. When she first started working, the company did not tell her that she was going to have to go to Orange. It was not practical nor possible for Clara Mapp to return to her home to eat lunch within an hour.

I must stress that this is an appeal from the granting of a Motion for Summary Judgment. Hence, the issue is raised that not only was her eating lunch incidental to her employment but necessary to it. It was necessary for her to eat in order to properly perform her duties in a longer, 9–hour day.

Mapp argues that the trial court erred in rendering summary judgment in favor of Maryland Casualty Company in that a material fact issue existed as to whether or not the Appellant was acting within the course and scope of her employment for her employer at the time she was seriously injured. She is correct. Her injuries are more than penumbral to her employment. She was acting on her employer's specific

instructions when she traveled to Orange County for the purpose of relieving the manager. She followed her supervisor's orders and instructions. There was no lunch room, no food, no vending machines or other facilities to eat lunch or prepare food at the place where she worked. Since she worked 8 to 9 hours a day, it was not only incidental to her employment but absolutely necessary that she have some food during the lunch hour. Wyatt's Cafeteria was the closest eating place to her job. She used the van to get there.

My opinion is that the case of *Texas Employers Insurance Association v. Davidson,* 295 S.W.2d 482 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n.r.e.) is close in point. The Workers' Compensation Law must be liberally construed to bring about and accomplish its legislative intent and to accomplish its legitimate purposes. *See Yeldell v. Holiday Hills Retire. & Nursing,* 701 S.W.2d 243 (Tex.1985). Of course, the compensation act must be construed liberally in favor of the employee. *See Hargrove v. Trinity Universal Ins. Co.,* 152 Tex. 243, 256 S.W.2d 73 (Tex. 1953). The act should not be hedged about with strict or unrealistic limitations. The compensation legislation's legitimate and evident purpose must be observed. *See Southern Surety Co. v. Shook,* 44 S.W.2d 425 (Tex.Civ.App.—Eastland 1931, writ ref'd). Indeed, an employee or worker need not be engaged in the discharge of any specific, detailed duty to be in the scope of employment. Acts of a personal nature which a worker might reasonably do, or must do, for his health or for his comfort, such as quenching his thirst or relieving hunger, are within the course and scope of that worker's employment. These necessary acts, especially those to sustain strength and good health, have been considered incidental to the required service of the employer. They are compensable.

*Yeldell, supra; Texas Employers Ins. Ass'n. v. Prasek,* 569 S.W.2d 545 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r. e.).

It must be remembered that the Texas Workers' Compensation Act provides, in relevant part:

" '[I]njury sustained in the course of employment,' as used in this Act ...

.    .    .    .    .

"(4) ... *shall include all other injuries of every kind and character* having to do with and *originating in the work, business,* trade or profession *of the employer* received by an employee while engaged in or about the furtherance of the affairs or business of his employer *whether upon the employer's premises or elsewhere."* (Emphasis ours)

*TEX.REV.CIV.STAT.ANN. art. 8309, sec. 1* (Vernon 1967).

In the *Davidson supra,* case, the employee worked as an operator of a sewing machine. She was not paid for her lunch hour. Sometimes, the worker went to a cafe for lunch and sometimes she went home. Both of these arrangements were permitted by her employer. On the day of Davidson's injuries, she decided to eat at her place of work, bringing her lunch with her. She had completely finished her meal. She started towards a waste basket and slipped and fell. The Fort Worth court quoted from the case of *Texas Employers' Ins. Ass'n v. Anderson,* 125 S.W.2d 674, 677 (Tex.Civ.App.—Dallas 1939, writ ref'd):

" 'In administering the Workmen's Compensation Law, doubtless the greatest difficulty is encountered in determining whether, in a particular case, the employe sustained personal injuries in the course of his employment. We are without a formula except the statute, which being phrased in general terms, *each case necessarily must be determined on its own peculiar facts, and as a question of fact.* As we have just seen, *it was not a necessary prerequisite* to a recovery by appellees that deceased should have *sustained the injury causing death while on the premises of his employer, nor was it necessary that the accident should have occurred during the hours of actual service,* nor that the deceased, at the time of being injured, should have been engaged in the

discharge of any specific duty incident to his employment. The statute (Art. 8309, sec. 1, subdiv. 4, Workmen's Compensation Law), after excepting injuries caused by an act of God, an act of a third person, those received while intoxicated and those wilfully self-inflicted, reads: 'but *shall include all other injuries of every kind and character having to do with and originating in the work,* business, trade or profession of the employer received by an employe while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere.'

" 'Although the meaning of the statute is somewhat elusive, yet the comprehensive terms employed indicate that it has an expansive meaning and that, without regard to where, when or how the employe is injured, *compensation is due, provided the injury results from a risk or hazard that the employe assumes in order to perform his master's task.*' " (Emphasis added)

*See and compare* the Beaumont Civil Appeals case of *Liberty Mutual Insurance Co. v. Hopkins,* 422 S.W.2d 203 (Tex.Civ. App.—Beaumont 1967, writ ref'd n.r.e.).

The excellently reasoned case of *Shelton v. Standard Ins. Co.,* 389 S.W.2d 290 (Tex. 1965) is virtually on "all fours". The facts are close. That case's, reasoning, rationale and ruling are dispositive of our case. In *Shelton, supra,* a corporation was moving its business from Wichita, Kansas to Abilene, Texas. The transportation of the company's equipment was by trucks. Shelton was to drive a truck from Wichita to Abilene. He was paid his expenses plus $40. a trip. It became necessary for Shelton to eat en route, being necessary and incidental to his completing his assigned work. His truck developed battery trouble. He reached Dallas about 8:30 p.m. He turned in the Ryder's Truck Rental unit. He went to a motel, took a shower and walked across the street to get something to eat. While crossing that street, he was struck by an automobile. Those injuries were adjudged to be compensable. There is simply no meaningful difference between the facts or the rationale of *Shelton, supra,* and the case at bar.

The majority writes that Mapp's circumstances are closely parallel with those of *Smith v. Texas Employers' Ins. Ass'n,* 129 Tex. 573, 105 S.W.2d 192 (1937). There, Mr. Smith had the right to, and did, go home for his evening meals. His place of employment and his home were fairly near to each other, both in the City of Dallas. Mapp's situation is different.

In *Biggs v. United States Fire Ins. Co.,* 611 S.W.2d 624, 627 (Tex.1981), the court held:

"As a general rule an injury sustained in the course of employment (1) must be of a kind or character originating in or having to do with the employer's work, and (2) must have occurred while engaged in the furtherance of the employer's business or affairs."

Here, Mapp's injuries certainly originated in the employer's work, since she was in Orange at the special instruction of her employer. Secondly, her taking lunch was in the furtherance of her employer's business or affairs, since she had to have the necessary food to competently work the 8 or 9 hour day. An employee does not forfeit his workers' compensation coverage while acting in obedience to his employer's orders. *See Traders & Gen. Ins. Co. v. Ihlenburg,* 243 S.W.2d 250 (Tex.Civ.App.— San Antonio 1951, writ ref'd); *Biggs, supra.*

I would reverse the judgment and remand the cause for a trial on the merits, since the issue of Mapp's being in the course and scope of her employment was raised.