## LLOYDS CASUALTY CO. v. RODRIGUEZ.
### No. 8545.

Court of Civil Appeals of Texas. San Antonio.
Feb. 18, 1931.

Rehearing Denied March 18, 1931.

C. J. Andrews, of San Antonio, for appellant.

J. R. Cade, of San Antonio, for appellee.

COBBS, J.

Appellant sued appellee to set aside an award of the Industrial Accident Board of Texas granting compensation to Salvador Rodriguez, an employee and workman, because of an injury sustained by him while riding on a truck on a public highway in the vicinity of Campbellton, Atascosa county, Tex., on October 1, 1929. It was alleged that

the injury occurred in due course of his employment with the United Gas Engineering Corporation, the assured.

The case was tried by the court without a jury, and, after hearing the evidence, the court awarded appellee compensation at $10.-38 per week for total disability for a definite period of 11 months from October 1, 1929, to September 1, 1930; additional compensation, based upon 50 per cent. partial disability, for a definite future period of 12 months from September 1, 1930, at a fixed rate of $5.19 per week; $100 for medical services rendered, plus all costs of court. A lump sum settlement was denied; weekly payments are to be made therefore, and payments shall bear interest at the rate of 6 per cent. from the date they accrue until paid.

There is no need to set out the pleadings, because they were responsive.

This is a simple case on the facts. All the men were employees and workmen for the United Gas Engineering Corporation. Among the other workmen was Salvador Hurtado, who operated a truck for the United Gas Engineering Corporation, and carried laborers to and from work. The employer maintained a camp between Pleasanton and Campbellton, in Atascosa county for his employees. The men would stay over night and have their breakfast at this camp, and Salvador Hurtado, the truck driver, would transport them to work in the morning and bring them back to the camp at night. The driver at the time lived at Campbellton; the camp was ten or twelve miles from Campbellton, and the men were working close to Campbellton. On the day of the accident, the driver of the truck stated he drove to Campbellton to get gas, in accordance with his custom, and to get some workmen. Appellee, who was the nephew of the driver, requested his uncle to take him along to Campbellton to visit his aunt, the wife of the driver, which was done. There were also some other employees on the truck. This was often done with the knowledge and consent of his employer. It was the driver's duty to gather up the men at the camp at about 7 o'clock each morning after they had had their breakfast and transport them to work. He gathered the men in his truck on the morning of the accident, at the garage in Campbellton, where he got his usual supply of gas, and was transporting them to camp for their breakfast, as usual, after which, as stated, he would convey them to their daily work. Before reaching camp, the accident occurred when they were about five or six miles this side of Campbellton. An ice truck ran into them on the left-hand side. The United Gas Engineering Corporation's truck was being driven on the right side of the highway. The result of the collision was that appellee sustained a broken leg and has not been able to work since the injury. There is no use to state the facts concerning the injury,

pain and suffering, because the evidence was sufficient on this point. Neither is it necessary to state what the doctors did for and to appellee. As to his pay, it was $3 per day for ten hours, and he worked seven days a week. He had been working for the corporation about a month and a half when the injury occurred.

The driver of the truck testified: "I was driving the truck for the company on the morning of the accident, at the time the accident occurred. I was being paid for that time. My pay began at the time I left Campbellton to go to camp. I always came from Campbellton to the camp. The men had to leave the camp and go to work; they always went to work from camp. It is not true that some days I didn't work at all, and that some days I would work only four or five hours; I worked every day all day, and sometimes I worked nights. The laborers started to work at seven o'clock. As to what time I started to work, I started at different times; I had no regular hours; sometimes I would start very early in the morning, four or five o'clock, and work until late at night, and sometimes I would work all night."

It was well understood that all those riding in the truck at that time were, and had to be, employees of the corporation, for no others were permitted to ride therein. Those employees, including appellee, had to get to work on that morning, and appellee was injured while being transported from Campbellton, where he had visited on his way, in a truck furnished by his employer, to camp, to eat breakfast, and then to be transported in the same truck to work.

At the time of the accident, appellee was on his way to camp to get his breakfast, after which he was to resume his place in the truck to be transported to his work, and because of that reason he cannot be considered an employee when injured.

The facts in this case clearly show that appellee was a workman employed by the United Gas Engineering Corporation, but not actually in the discharge of his duties at the time of the accident. He was on his way to the company's camp to get his breakfast before starting to work. He started from Campbellton that morning.

The judgment of the court is reversed, and here rendered in favor of appellant.

SMITH, J.

This suit arose under the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.). The United Gas Engineering Corporation was the employer, Salvador Rodriguez the employee, and Lloyds Casualty Company the insurer. Rodriguez was awarded compensation by the trial court for accidental injuries, and the casualty company appealed.

Appellee was a day laborer employed by appellant in the construction of a gas pipe line through Atascosa county. Appellant maintained a camp near the construction work, for the use of appellee and other employees, who slept and had their meals at this camp. Appellee was employed by the day and paid by the hour. His time began each morning when he left this camp for his work, and ended upon his return to camp for supper. He had no duties to perform for appellant, and performed none, from the time he returned to camp in the evening until he left the camp for work in the morning. This intervening time was his own, to do with as his personal pleasures prompted. At the time of the accident he had been on this job about a month and a half, during which he had not varied from the routine above set out.

Appellee and all other employees were daily transported from camp to work and back to camp, in a truck operated by appellee's uncle, Salvator Hurtado, and rented by him the hours to the employer for that and other hauling purposes. Hurtado's family resided at Campbellton, 12 miles distant from the camp, and he often drove to Campbellton for the night after hauling the laborers from their work to their camp. Sometimes some of the employees, after their day's work was over, would go with Hurtado in his truck to Campbellton and spend the night there with their families, or go there on other personal errands. The truck was under Hurtado's control, and he allowed any one he pleased to make these trips with him.

On the occasion in question, Hurtado carried the employees from their work to the camp at the close of the day's work. After supper he drove into Campbellton to spend the night with his family, and to do some errands for his employer. Appellee, who is his nephew, asked permission of Hurtado to go with him in his truck for the purpose of visiting an aunt, Hurtado's wife, which he did. After spending the night at Campbellton with his uncle and aunt, appellee started back to camp the next morning with Hurtado. Before reaching camp Hurtado's truck collided with another, and as a result of that accident appellee received the injuries for which compensation was awarded him in the trial court. The foregoing constitutes a true statement of the facts in this case.

It is obvious from these facts that appellee was injured while clearly outside the course of his employment. His duties under the terms of that employment were suspended upon his safe return to camp the evening before, and could not be resumed until 7 o'clock the next morning, at which time his duties required him to offer himself at the camp for transportation to his work through the medium furnished by the employer for that purpose. It was his privilege, as a free agent, to spend the intervening time as and wherever he pleased. In the exercise of that privilege he left the premises furnished him by his employer and ventured upon the purely personal errand of visiting his relatives in another community, and in pursuit of this venture was injured before returning to the base of his employment.

A majority of this court hold that, under the undisputed facts of the case shown above, appellee was not injured while in the course of his employment, and is therefore not entitled to recover. Wynn v. Surety Co. (Tex. Civ. App.) 26 S.W.(2d) 691, and authorities there cited. It is true that appellee rode on this errand in a truck engaged in part in the service of the employer, on permission given as a personal accommodation to him on the part of the driver of the truck, but this fact can have no bearing upon the question decided.

The judgment must be reversed, and, as the case appears to have been very fully developed and the facts are fully found by the trial court as herein set out, judgment will now be rendered that appellant go hence without day and recover all costs of appellee.

FLY, C. J.

I concur in the foregoing opinion of Associate Justice SMITH.