## TRAVELERS' INS. CO. v. SANTOS.

### No. 8960.

Court of Civil Appeals of Texas. San Antonio.

Dec. 21, 1932.

Templeton, Brooks, Napier & Brown, of San Antonio, and J. R. Sanford, of Eagle Pass, for appellant.

David E. Hume, of Eagle Pass, for appellee.

FLY, C. J.

This suit was instituted by appellee against appellant to recover the sum of $2,887.20 in a lump sum, or in weekly payments of $7.20. The cause was tried without a jury, and judgment was rendered in favor of appellee in the sum of $629.26, with interest on deferred payments at 6 per cent. per annum.

The court found in addition to an agreed statement of the facts:

"Angel Santos received an injury in the form of a compound fracture of the left leg, midway between his knee and foot on October 8, 1930, from which he was totally disabled for a period of 34 weeks.

"That he was and will be 62½ per cent disabled in the left leg for a period of 104 weeks from the expiration of his total disability.

"That after two years shall have elapsed from this date that plaintiff, Angel Santos, will be fifteen per cent permanently disabled in his left leg at the place of injury.

"That the injury is localized in his left leg and does not affect his general health."

The agreed facts show that appellee was in the service of Barker Brothers, contractors engaged in the construction of irrigation canals on October 8, 1930. The contractors had a camp about twenty-two miles north of Eagle Pass, and the employees lived in tents; appellee occupying one of them. The tents and mattresses were furnished by the employers. The employees cared for themselves. On the night of his injury appellee applied to and obtained permission from the foreman to ride, with other employees, on a truck belonging to his employers, to Eagle Pass. The truck was going to Eagle Pass on business for Barker Brothers; but appellee had no connection whatever with this business. He wanted to visit his mother in Eagle Pass, and also to cash a check given him by his employers. He had no duties to perform on the truck or while in Eagle Pass for Barker Brothers. He went on his own private business, and it was only through the kindness of the foreman that appellee was permitted to go. The truck went to Eagle Pass, and appellee spent his time there with his mother. The truck started back to the camp, and while returning was overturned by running into loose gravel, and appellee was injured, as concluded by the judge.

Article 8309, § 1, Revised Statutes of 1925, provides: "The term 'injury sustained in the course of employment,' as used in this law [excepting certain situations], * * * shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

Under the facts, appellee, when injured, was not performing any service of the employer, and his actions did not have to do with or originate in the "work, business, trade or profession of the employer," and he was not "engaged in or about the furtherance of the affairs or business of his employer." The enterprise of appellee at the time he was hurt had nothing to do with the work or business of his employers, but it was on business of appellee alone.

The facts in this case are very similar to those in the case of Lloyds Casualty Company v. Rodriguez, 36 S.W.(2d) 261, decided by this court, in which a writ was refused, and the opinion of Judge Smith has been cited with approval in other states of the Union. We adhere to the opinion delivered by Judge Smith in that case, which clearly lays down the law applicable to the facts of this case.

The judgment is reversed, and judgment here rendered that appellee, Angel Santos, take nothing by his suit, and pay all costs in this behalf expended.