TEXAS INDEMNITY INSURANCE COMPANY V. FLOYD CLARK.

No. 6291.   Decided April 10, 1935.
(81 S. W., 2d Series, 67.)

*Scott, Brelsford, McCarty & Brelsford,* of Eastland, and *Paul B. Mason* and *T. J. Fannelly,* both of Independence, Kansas, for plaintiff in error.

The uncontradicted evidence showing that plaintiff was not in the course of his employment when he received his injury it was error for the trial court to overrule defendant's motion for an instructed verdict. Southern Cas. Co. v. Ehlers, 14 S. W. (2d) 111; Royalty Ind. Co. v. Madrigal, 14 S. W. (2d) 106; Guivarch v. Maryland Cas. Co., 37 Fed. (2d) 268.

*John D. McComb* and *John P. Simpson,* both of Jacksboro, for defendant in error.

Where the evidence showed that plaintiff was an employee of the defendant company, and had been ordered by the company to move to a new location some sixty miles away, and while so engaged and in looking for a rooming house, he was injured,—he was injured in the course of his employment and it was not error for the Court of Civil Appeals to hold that the trial court properly overruled the motion of the defendant for an instructed verdict. Texas Emp. Ins. Assn. v. Herron, 29 S. W. (2d) 524, Writ of error refused; Lumberman's Recip. Assn. v. Behnken, 112 Texas, 103, 246 S. W., 72; Commercial Cas. Ins. Co. v. Strawn, 44 S. W. (2d) 805.

Mr. Judge GERMAN delivered the opinion of the Commission of Appeals, Section A.

This action is one under the Workmen's Compensation Law, and the only question necessary for us to decide is this: Was defendant in error, Floyd Clark, injured while in the course of his employment. The evidence is practically undisputed on all material points. We will briefly narrate the essential facts.

The defendant in error was an employee of the Prairie Pipe Line Company, which was a subscriber under the law, and plaintiff in error, Texas Indemnity Insurance Company, was the insurer. Defendant in error was a member of a pipe line crew, which on the day before the accident was working on a pipe line near the town of Palo Pinto. Apparently defendant in error had been working near Palo Pinto for some ten or twelve days. During this time he had been staying in Palo Pinto with his father, going back and forth to his work. The work near Palo Pinto was completed in the afternoon of January 11, 1928. The Prairie Pipe Line Company operated a truck by means of which the employees were transported from place to place. After the work was completed in the afternoon of January 11th all of the employees, except defendant in error, Aubrey Jones and Gordon Jones, were transported on the truck from Palo Pinto County to Jacksboro, a distance of some sixty miles or more, with the intention of beginning work at another place some six or eight miles east of Jacksboro on the morning of the 12th of January. At the request of defendant in error he was permitted to remain in Palo Pinto the night of the 11th, and Aubrey Jones and Gordon Jones also spent the night there. It was the understanding that they were to report for work at a point some six or eight miles east of Jacksboro the next morning.

The evidence shows that Jacksboro is about sixty miles from Palo Pinto. The road between the two points is a semipaved one and the distance can be driven in an automobile in about two hours. According to the testimony of defendant in error and the two Jones boys they left Palo Pinto in a private car about 6:30 or 7:00 o'clock on the morning of January 12th. They drove first to the town of Graford, which was off the regular route from Palo Pinto to Jacksboro, and there transacted some personal business. They then proceeded to Jacksboro, reaching there about 12:30 o'clock. After eating dinner they made some inquiry about a boarding place and then went to a barber shop. While at the barber shop they were advised of a probable rooming place, and about 2:30 or 3:00 o'clock in the afternoon they were riding in a car driven by one of the Jones boys, their purpose being to inspect a room, when the car was overturned and defendant in error was injured.

The Prairie Pipe Line Company did not furnish camping or boarding facilities, and the workmen made their own arrangements for boarding and also their own arrangements for going to and from their work, except when changing locations for work, when they were transported by the Company by means of the truck. All of the crew with the exception of defendant in error and the Jones boys went to work at the usual hour—about 7:00 o'clock—on the morning of January 12th. The day's work usually ended at 4:00 o'clock or 4:30 o'clock in the afternoon. Defendant in error made no effort to report for work on the morning of the accident, and as he was looking for a boarding place as late as 2:30 or 3:00 o'clock in the afternoon it is obvious that he had no purpose of doing any work that day.

Judgment was rendered by the trial court in favor of defendant in error, awarding him compensation in the amount allowed by law. This judgment was reversed by the Court of Civil Appeals and the case remanded for errors in the trial of the case, but the court held that defendant in error was injured in the course of his employment. 50 S. W. (2d) 465. That question under our view of the law is decisive of the case; and the writ of error was granted in order to correct the holding of the Court of Appeals in that regard.

The Workmen's Compensation Law provides for compensation to an employee for "an injury sustained in the course of his employment." Article 8309 (R. S., 1925) declares that this shall include "all injuries of every kind and character having

to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

In the case of Lumberman's Reciprocal Association v. Behnken, 112 Texas, 103, 246 S. W., 72, the court said:

"An injury has to do with, and arises out of, the work or business of the employer, when it results from a risk or hazard which is necessarily or ordinarily *inherent* in or *incident to* the conduct of such work or business. As tersely put by the Supreme Court of Iowa: 'What the law intends is to protect the employee against the risk or hazard taken in order to perform the master's task.'" (Emphasis ours).

It is apparent without argument that the riding in a private car driven by one of the Jones boys on the streets of the town of Jacksboro some six or eight miles from where the crew of the Prairie Pipe Line Company was working could not possibly be "inherent in or incident to" the work of laying or repairing of a pipe line;—the work or business defendant in error was employed to do. What he was doing had no relation whatever to that work, and this is determinative of his case.

Counsel for defendant in error, however, argue that because the Prairie Pipe Line Company did not furnish rooming and boarding facilities for its employees, and they were required to find such for themselves, defendant in error was "engaged in or about the furtherance of the affairs or business of his employer" while hunting a rooming place where he might stay at nights and when not engaged in his work. If it should be conceded that this were true it did not entitle him to compensation. In the case of Aetna Life Insurance Co. v. Burnett, 283 S. W., 783, the Commission of Appeals said:

"In order that an employee may recover under the provisions of this law, proof that his injury occurred, while he was engaged in or about the furtherance of the employer's affairs or business is not alone sufficient. He must also show that his injury was of such kind and character as had *to do with* and *originated in* the employer's work, trade, business, or profession."

Without any extended discussion we think it sufficient to say that the case just referred to, together with such cases as London Guarantee & Accident Company v. Thetford (Com. App.), 292 S. W., 857, Aetna Life Insurance Company v. Palmer, 286 S. W., 283, in which writ of error was refused, and London Guaranty & Accident Company v. Smith, 290

S. W., 774, in which writ of error was refused, are conclusive on the proposition that defendant in error was not injured in the course of his employment, and therefore was not entitled to compensation under the Workmen's Compensation Act.

The judgments of the trial court and of the Court of Civil Appeals are set aside and judgment is here rendered in favor of plaintiff in error, Texas Indemnity Insurance Company.

Opinion adopted by the Supreme Court April 10, 1935.