## SERVICE MUT. INS. CO. v. HELBERT.

### No. 11079.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 23, 1941.

Rehearing Denied Jan. 14, 1942.

Scott & Wilson, of Waco, for appellant.

Collins, Jackson & Snodgrass, of San Angelo, for appellee.

NORVELL, Justice.

This is a workmen's compensation case. The jury found that appellee, Roy Helbert, sustained injuries in the course of his employment with Alamo Freight Lines.

Appellant, Service Mutual Insurance Company of Texas, the insurance carrier, here asserts that there is no evidence sustaining the above finding.

It appears that appellee, when injured, was on his way to San Angelo, Texas, for the purpose of moving his family and household effects from that City to San Antonio, Texas. While driving an automobile owned by a fellow employee, Strong, who accompanied him on the trip, appellee "must have dozed off or something" for the car turned over and appellee sustained serious injuries.

Appellee had worked for the Alamo Freight Lines on a run from San Angelo to McCamey until said run was discontinued, about February 14, 1940. Shortly thereafter, appellee went to work for the company as an extra man in San Antonio. Appellee testified that one of the officials of the company told him if he "was satisfied to move on down there"—to San Antonio.

The day of the accident, appellee had requested his superior to "let him off" so that he and Strong could make the trip to San Angelo. This request was granted. Neither Strong nor appellee were to be paid by the company for the time spent on the San Angelo trip, and they received no instructions from the company with reference thereto.

We hold, as a matter of law, that there was no evidence supporting the jury's finding which is here attacked. Article 8309, Section 1, Vernon's Ann.Civ.Stats.; Texas Indemnity Ins. Co. v. Clark, 125 Tex. 96, 81 S.W.2d 67; Travelers' Ins. Co. v. Santos, Tex.Civ.App., 55 S.W.2d 868; Marks' Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181.

The judgment appealed from is reversed, and judgment here rendered that appellee take nothing.