In the Matter of the Claim of ELLA L. SCHREIBER, Respondent, against REVLON PRODUCTS CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 5, 1958.

*Fred J. Murray* for appellants.

*G. Vincent Dean* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

BERGAN, J. Claimant's work as a traveling trainee consultant in the cosmetic products of the employer required her to move continuously from city to city in an eastern territory. On infrequent occasions she reported at the employer's offices.

Having checked in at a hotel at Hartford, Connecticut, where she had gone on the business of the employer, she went out to a restaurant to have dinner; on her way back to the hotel where she was to make out reports of her day's activities for the employer in accordance with its requirements, she slipped on an icy sidewalk and was injured. Her claim of compensation has been allowed by the board.

An employee traveling at a distance from his home in the business of the employer is deemed within the area of employment if injured in his normal activities. An evaluation of the New York cases on the subject suggests that the restrictive rules governing departure from employment to be found in cases of inside employees going away from employer's premises for lunch, for example, do not apply to traveling workers whose employment activities carry them far from home.

They are required, of course, to sleep and eat at home, as well as abroad, but they do so when abroad under the aegis of the employment. An award would be justified here even though the claimant had no further work to do when she got back to the hotel; but the fact she had some reports of her work to make out there as part of her duties may, as the board thought, lend some strength to its ruling that the return to the hotel was in the course of employment.

By imposing the requirement that the employee be distant from his home environment, the employer imposes necessarily some limitation on the normal after-working hours activities of the employee and this finds implicit recognition in some of the decided cases. (Cf. *Matter of Lewis* v. *Knappen Tippetts Abbett Eng. Co.,* 304 N. Y. 461; *Matter of Tushinsky* v. *National Broadcasting Co.,* 265 App. Div. 301, appeal dismissed 292 N. Y. 595.)

The rule which would sustain an award in a case such as this one is to be observed in its development in a series of decisions, examples of which are *Matter of Schneider* v. *United Whalen Drug Stores* (284 App. Div. 1072) where the employee was drowned while on a pleasure boat trip undertaken during a period of waiting for a return plane; and *Matter of Daly* v. *State Ins. Fund* (284 App. Div. 174; motion for leave to appeal denied 307 N. Y. 942), where the employee was killed taking an automobile ride at night after he had left a restaurant and before he had returned to his hotel; and in the two hotel fire cases decided together by this court in 1950 in which traveling employees lost their lives in hotel fires (*Matter of Commissioner of Taxation & Finance* v. *Katherine Gibbs School,* 277

App. Div. 126, motion for leave to appeal denied 301 N. Y. 813; *Matter of Blake* v. *Grand Union Co.*, 277 App. Div. 914, motion for leave to appeal denied 301 N. Y. 813). There is, in our view, a sufficient record here to sustain the award for an injury arising out of and in the course of employment.

The award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., COON and GIBSON, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.