Jimmy SHELTON, Appellant,

v.

STANDARD INSURANCE COMPANY, Appellee.

No. 16352.

Court of Civil Appeals of Texas.

Dallas.

June 5, 1964.

Rehearing Denied July 27, 1964.

**357**

Schulz & Hanna and Yates & Yates, Abilene, for appellant.

Burford, Ryburn & Ford, Logan Ford and Bill Wiley, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal by Jimmy Shelton from a summary judgment denying him workmen's compensation.

The trial court based its judgment on the ground either (1) that appellant was not an employee, but was an independent contractor at the time he was injured; or (2) that if he was an employee, he was not injured in the course of his employment. Possibly judgment was based on both grounds.

### FACTS

Appellant was hired by Master Corporation of Texas, through its president, Dan D. Dillingham, to drive a truck from Abilene, Texas to Wichita, Kansas by way of Dallas, Texas and return. Master Corporation was engaged in moving its business from Wichita to Abilene. At Wichita the truck was to be loaded with office equipment, etc. to be transported to Abilene. Appellant had made three previous trips for Master Corporation.

Appellant was driving a leased truck. He started from Abilene driving a truck and float. His purpose in going by way of Dallas, Texas was to exchange trucks. At Dallas he was to turn in the truck and float to the lessor, Ryder Truck Rental, Inc. and obtain a different type truck, designated as a van.

Before reaching Dallas the truck appellant was driving broke down somewhere west of Fort Worth, Texas due to battery trouble. Appellant was delayed several hours. He did not reach Dallas until 8:00 or 8:30 o'clock in the evening. He communicated with the leasing agent and was told where to go to pick up the truck he was to drive to Wichita. He could not obtain the other truck because the garage or place where the truck was stored was closed until morning. He was told that the other truck would not be available until morning.

The son of the leasing agent drove appellant to a motel where appellant engaged a room for the night. He showered and changed clothes. Then he started to walk across the highway to a restaurant to eat his supper. While walking across the highway he was hit by an automobile and seriously injured.

Appellant testified that he was employed to drive a truck to and from Wichita, Kansas and Abilene, Texas for $40.00 per trip plus expenses. Mr. Dillingham gave him fifteen or twenty dollars when he left Abilene, for expenses. The trip ordinarily took thirty-three hours. He had to and was expected to sleep and eat on the way. In fact, he was required to have eight hours sleep before he "crossed the line."

When the truck broke down before he reached Dallas he telephoned to Mr. Dillingham, who was in Abilene. Mr. Dillingham said he would get in touch with the leasing agent and help would arrive soon. Appellant waited several hours but no help came. He telephoned to Mr. Dillingham again. Mr. Dillingham said that help should have already arrived, as the leasing company was sending help from its Fort Worth office. Still no help came. Finally appellant got the truck started. He turned in the truck he had driven from Abilene, but he was too late to pick up the other truck until the next morning.

## OPINION

Appellant relies on three points on appeal. He asserts that the court erred in granting appellee's motion for summary judgment in that there are fact questions as to (1) whether appellant was in the course of his employment at the time of his injury; (2) whether his injuries arose out of his employment and out of a risk or hazard of his employment; and (3) whether appellant was an employee, or independent contractor at the time of his injury.

■ The general rule is that an injury incurred in the use of public streets or highways is not a compensable injury because not incurred in the course of employment as required by Art. 8309, Vernon's Ann.Civ.St. American General Ins. Co. v. Coleman, 157 Tex. 377, 303 S.W.2d 370, 374.

■ However, there are exceptions to the general rule. Three of these exceptions, as pointed out in the Coleman case above cited, are (1) an injury incurred in going to and from work is held to be in the course of a workman's employment where the means of transportation is furnished by the employer; (2) so also where the employer pays another to transport the employee to and from his work; and (3) so also where the employee, in going to or from his employment undertakes a special mission at the direction of his employer, or performs a service in furtherance of his employer's business with the express or implied approval of his employer. See also Texas General Indemnity Co. v. Bottom, Tex.Civ. App., 365 S.W.2d 350; and Jecker v. Western Alliance Ins. Co., Tex., 369 S.W.2d 776.

■ A fourth exception, we think, will be found in the so-called "access" cases. In these cases a workman who has been injured at a place intended by the employer for use as a means of ingress and egress to and from the actual place of the employee's work has been held to be in the

course of his employment. The courts have held that these access areas are so closely related to the employers' premises as to be fairly treated as parts of the employers' premises. Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402; Texas Employers' Ins. Ass'n v. Anderson, Tex.Civ.App., 125 S.W. 2d 674.

At the time appellant was injured he was traveling on foot, so exceptions Nos. (1) and (2) referred to above do not apply. Neither does the fourth type of exception, for appellant was not in an "access" area when injured.

If appellant's case comes within any of the exceptions it must be exception No. (3) above mentioned. Was appellant at the time he was injured undertaking a special mission at the direction of his employer, or was he performing a service in furtherance of his employer's business with the express or implied approval of his employer? We have concluded that the undisputed evidence requires an answer in the negative to the above question.

To come within exception No. (3) it is necessary that appellant show that his injury had to do with and originated in the work, business, trade or profession of his employer and was received while he was engaged in or about the furtherance of the affairs or business of his employer. Art. 8309, Sec. 1, V.A.C.S; Texas Gen. Indemnity Co. v. Bottom, supra.

■ Our courts have several times held that an employee while injured on a street or public highway when walking to or from a restaurant where he had eaten is not engaged in the performance of any particular duty of his employment. This court so held in Texas Employers' Ins. Ass'n v. Smith, Tex.Civ.App., 75 S.W.2d 732, and this holding was affirmed in Smith v. Texas Employers' Ins. Ass'n, 129 Tex. 573, 105 S.W.2d 192. This is true though the employee is furnished with a motor vehicle and expenses and though his employment may require him to be in another city, as is true of appellant in this case. Wynn v. Southern Surety Co., Tex.Civ.App., 26 S.W. 2d 691. See also Williams v. Roney, Tex. Civ.App., 275 S.W.2d 537, which was a common law injury case, not a workmen's compensation case, but it deals with the question of scope of employment. Other cases are London Guaranty & Accident Co., Ltd. v. Smith, Tex.Civ.App., 290 S.W. 774; and Banks v. Commercial Standard Ins. Co., Tex.Civ.App., 78 S.W.2d 660.

■ In support of his contention appellant cites a number of cases, all of which we have read and considered. None of them in our opinion is applicable here. None of them meets the requirements of exception No. (3) above. Some of them involve injuries received on the employers' premises. Some of them are "access" cases. Others involve situations where the employers were paying for the transportation of the employees. All of them can be distinguished from the factual situation presented to us here. Appellant's first and second points are overruled.

■ Appellant's third point alleges that a fact question exists as to whether appellant was an employee or an independent contractor. We agree with appellant. However, since we have held that appellant was not within the course of his employment when he was injured, the third point becomes immaterial even if it were established that appellant was an employee. Therefore the third point will be overruled.

The judgment of the trial court is affirmed.

Affirmed.