*Jimmy SHELTON, Petitioner,*

v.

**STANDARD INSURANCE COMPANY,**
Respondent.

No. A–10370.

Supreme Court of Texas.

March 31, 1965.

Rehearing Denied May 5, 1965.

Schulz & Hanna, Yates & Yates, Abilene, for petitioner.

Burford, Ryburn & Ford, Spencer C. Relyea, III, Dallas, for respondent.

WALKER, Justice.

This is a workmen's compensation case. Jimmy Shelton, petitioner, was struck by an automobile while crossing the street from the motel where he was staying in Dallas to a cafe for the purpose of obtaining something to eat. The principal question to be decided is whether he was injured in the course of his employment within the meaning of our statute. Standard Insurance Company, respondent, moved for summary judgment in the trial court on two independent grounds, asserting that the uncontroverted facts establish as a matter of law: (1) that petitioner was an independent contractor rather than an employee at the time he was injured; and (2) that he was not injured in the course of his employment. The trial court granted this motion without specifying the basis of its action, and the Court of Civil Appeals affirmed. 381 S.W. 2d 356.

Petitioner is met at the outset by respondent's contention that the judgment of the trial court must be affirmed because it rests upon an independent ground which cannot now be questioned. Each of the two grounds urged in support of the motion for summary judgment was properly attacked by petitioner's brief in the Court of Civil Appeals. The intermediate court first discussed and overruled the points of error dealing with the course of employment problem. It then disposed of petitioner's remaining point as follows:

"Appellant's third point alleges that a fact question exists as to whether appellant was an employee or an independent contractor. *We agree with appellant.* However, since we have held that appellant was not within the course of his employment when he was injured, the third point becomes immaterial even if it were established that appellant was an employee. *Therefore the third point will be overruled.*" (Emphasis supplied)

■ Since petitioner did not contend in his motion for rehearing in the Court of Civil Appeals and does not say here that the intermediate court erred in overruling his third point of error, respondent insists that the case is governed by City of Deer Park v. State, 154 Tex. 174, 275 S.W.2d 77. We do not agree. When the Court of Civil Appeals stated that the third point was being overruled, it obviously meant only that the point afforded no basis for reversing the judgment of the trial court which was supported by another ground already determined to be sound. The court clearly held with petitioner that there is a fact question as to whether he was an employee or an independent contractor, and petitioner was not required to assign error to the "overruling" of his third point. We agree with the Court of Civil Appeals that the record does not establish as a matter of law that petitioner was an independent contractor rather than an employee, and this brings us to the course of employment question.

There is no dispute as to the material facts. Master Corporation of Texas was moving its business from Wichita, Kansas, to Abilene, Texas. The company transported its equipment in trucks leased from Ryder Truck Rentals of Dallas, and arranged for petitioner to drive a truck from Abilene to Wichita and return. He was paid $40.00 per trip plus expenses, and had made the round trip three time before he was injured. The total time required for each trip was about 33 hours, and it was necessary for petitioner to sleep and eat en

route. Petitioner left Abilene on the fourth trip driving an International truck with flat-bed trailer, which he was instructed to exchange in Dallas for a van-type truck before proceeding to Wichita. The truck developed battery trouble shortly after leaving Abilene, and petitioner finally reached Dallas about 8:30 o'clock at night. He turned the truck in at the Ryder Truck Rentals, and was informed that the truck he was to drive to Wichita would not be available until the following morning. The son of Ryder's manager showed him where to pick up the second truck and then drove him to a motel. Petitioner checked in at the motel, took a shower, changed his clothes, and started across the street to a cafe to get something to eat. While crossing the street he was struck by an automobile and received the injuries which are the basis of his compensation claim.

■ Section 1 of Article 8309, Vernon's Ann.Tex.Civ.Stat., provides that the term "injury sustained in the course of employment" shall include, subject to certain exceptions not material here, all "injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." It is well settled that the requirements of this statute are not satisfied by proof that injury occurred while the workman was engaged in or about the furtherance of his employer's affairs or business. The claimant must also establish that the injury was of a kind and character that had to do with and originated in the employer's work, business, trade or profession. See Texas General Indemnity Co. v. Bottom, Tex.Sup., 365 S.W.2d 350, and authorities there cited.

■ The statute has been considered in a number of cases involving injuries received while the claimant was going to or returning from his place of employment, and its application in that situation is reasonably well charted by the decisions. As a general rule an injury incurred in the use of public streets and highways for that purpose is not compensable, but there are several well-recognized exceptions to the general rule. See Jecker v. Western Alliance Insurance Co., Tex.Sup., 369 S.W.2d 776; American General Ins. Co. v. Coleman, 157 Tex. 377, 303 S.W.2d 370; Smith v. Texas Employers' Ins. Ass'n., 129 Tex. 573, 105 S.W.2d 192. When an ordinary workman who lives at home and works at a fixed location is injured while going to or returning from work, his presence at the place of injury is causally related to the employment. The services for which he is employed cannot be performed unless he goes regularly to the place where the work is to be done, and in that sense he furthers the affairs or business of his employer by making the journey. The problem in each case is to determine whether the relationship between the travel and the employment is so close that it can fairly be said that the injury had to do with and originated in the work, business, trade or profession of the employer.

While this is not a "going to or returning from" case, the problem here is essentially the same. Petitioner was furthering the affairs of his employer by going to Dallas and also by spending the night and eating there so as to be ready to continue his trip the following day. The question to be decided then is whether crossing the street to obtain food was so related to the work he was employed to do that it might properly be concluded that his injuries had to do with and originated in the employer's business. The reasoning of the courts in the two Texas cases cited by the parties as determinative of this question is not entirely consistent.

Respondent relies on Wynn v. Southern Surety Co., Tex.Civ.App., 26 S.W.2d 691 (wr. ref.), where the traveling representative of a San Antonio creamery checked into a hotel in Waco on Saturday after working his territory in the area surrounding the city. His company had two customers in Waco, and under the terms of his employment he was expected to work on Sunday. Saturday

afternoon he telephoned one of these customers to ascertain whether it would be open Sunday, and was told that it would be. There was no evidence that he called upon either customer, and nothing further was known about his whereabouts until Sunday afternoon when he went to a restaurant for his evening meal. He left the restaurant and was going toward his hotel when he was struck by an automobile and killed. In upholding an instructed verdict for the employer's compensation insurance carrier, the court expressed the opinion that an injury sustained by a traveling salesman while sleeping in hotels or eating meals is not received in the course of his employment within the purview of the Workmen's Compensation Act.

Petitioner cites Texas Employers Ins. Ass'n v. Cobb, Tex.Civ.App., 118 S.W.2d 375 (wr. ref.), which arose out of the death of a collection employee with headquarters in Fort Worth who was required by his employer to work both in and outside of that city. He was furnished an automobile and was reimbursed for his board and lodging expenses while away from home. After proceeding to El Paso at the employer's direction and arriving there on Sunday night, he engaged a room at a tourist court. Two days later he was found in bed where he had died of carbon monoxide poisoning. The evidence indicated that he had done some work in the room before retiring, but showed rather clearly that he was not working at or immediately prior to the time of his asphyxiation. Although the employer had no connection with the tourist court and had not told him to stay there, it was held that the trial court was justified in concluding that the employee lost his life in the course of his employment. See also Texas Employers' Ins. Ass'n. v. Harbuck, Tex.Civ. App., 73 S.W.2d 113 (wr. dis.).

Most courts which have considered the question regard an employee whose work entails travel away from the employer's premises as being in the course of his employment when the injury has its origin in a risk created by the necessity of sleeping or eating away from home, except when a distinct departure on a personal errand is shown. See Larson, Workmen's Compensation § 25.00 et seq. There are a number of decisions holding that injuries received under circumstances similar to those disclosed by the present record are compensable. Walker v. Speeder Machinery Corporation, 213 Iowa 1134, 240 N.W. 725; Alexander Film Co. v. Industrial Commission, 136 Colo. 486, 319 P.2d 1074; Schreiber v. Revlon Products Corporation, 5 A.D.2d 207, 171 N.Y.S.2d 122. While the courts of other jurisdictions may not approach course of employment questions as we do, it is our opinion that the majority rule as applied to the facts now before us is essentially sound.

We are not concerned here with an employee whose travel is so localized that, as a practical matter, he is not required to eat or sleep away from home even though he may elect to do so. The facts of this case are also different from those considered in Rodriquez v. Great American Indemnity Co., 5th Cir., 244 F.2d 484, where the deceased lived in San Antonio but was working on a job in Del Rio. While the distance between the two cities made it impractical for him to go home every evening and his employment contemplated that he would remain in Del Rio four and one-half days a week, the evidence showed that he had fixed hours, a fixed place of work, and was paid by the hour for the time he worked there. The finding of the trial court that he was not in the course of his employment at the time of his death, which resulted from a fire in the hotel where he stayed in Del Rio, was upheld on appeal. Cases presenting these varying fact situations will be decided when they arise.

It could not be seriously contended that petitioner, while crossing the street, was in the scope of his employment for establishing liability under the doctrine of respondeat superior, but our Workmen's Compensation Act must be given a liberal construction to carry out its evident purpose. "An injury has to do with, and arises out of,

the work or business of the employer, when it results from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to the conduct of such work or business." Lumberman's Reciprocal Ass'n. v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402. Petitioner was on a trip of several days duration for his employer. Food and sleep were necessary if he was to perform the work for which he was hired, and under the terms of his employment contract he was permitted to stop and satisfy these physical needs and was paid the expenses incident thereto. He was not in Dallas by his own choice but was required to be there to do his job. By the very nature of the employment, moreover, the place and circumstances of his eating and sleeping were dictated to a large degree by contingencies inherent in the work. Petitioner's situation was somewhat analogous, therefore, to that of an employee who is injured while off duty as the result of a risk arising from his occupancy of quarters furnished by the employer and where he is required to live under the terms of his contract. See Texas Employers' Ins. Ass'n. v. Lawrence, Tex.Civ.App., 14 S.W.2d 949 (wr. ref.). Although a number of eating establishments were available to petitioner, he chose a cafe only a short distance from his motel. Neither personal pleasure nor recreation played any part in the choice. In these circumstances we are unable to say as a matter of law that his crossing the street to obtain food was not an incident of the employment, or that the injuries he received did not have to do with and originate in the employer's business. To the extent that the Wynn case is inconsistent with this conclusion, the decision is unsound and will not be followed.

Under the provisions of Section 1b of Article 8309, Vernon's Ann.Tex.Civ.Stat., travel in furtherance of both the business affairs of the employer and the personal affairs of the employee may not be the basis of a claim for compensation unless the trip to the place of injury: (1) would have been made even had there been no personal or private affairs of the employee to be fur-

thered thereby; and (2) would not have been made had there been no affairs or business of the employer to be furthered by such trip. Petitioner's trip to Dallas clearly was not made in furtherance of any of his personal or private affairs, and his only purpose in crossing the street was to obtain food. Once it is determined that the accomplishment of this purpose was one of the incidents of his employment, we think it necessarily follows that the trip across the street was also made to further the business of the employer rather than petitioner's personal or private affairs.

In our opinion the trial court erred in sustaining respondent's motion for summary judgment. The judgments of the courts below are accordingly reversed and the cause is remanded to the district court.