**Concurring Opinion Filed November 5, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00892-CV

## BARBARA PINKUS, Appellant
## V.
## HARTFORD CASUALTY INSURANCE COMPANY, Appellee

On Appeal from the 199th Judicial District Court
Collin County, Texas
Trial Court Cause No. 199-02050-2013

## CONCURRING OPINION

Before Justices Fillmore, Stoddart, and O'Neill[1]
Opinion by Justice Stoddart

Although I agree with the majority's conclusion that the underlying judgment should be affirmed, I cannot agree with the majority's determination that the evidence in this case shows a distinct departure from the business purpose of the trip. Accordingly, I concur.

Ron Pinkus was sent to Dallas for a three-day business trip to meet with customers and plan for the opening of a new office. All transportation, lodging, and meals for the trip were paid by his employer. On the evening of January 9, 2012, while on the business trip, Ron made plans to have dinner with his son at a local pizza restaurant. Ron left his hotel at approximately 6:00 that evening. Before reaching either his son's house or the restaurant, Ron was involved in a car accident that led to his disability and eventual death. The accident occurred in Dallas, roughly

---

[1] The Hon. Michael J. O'Neill, Justice, Assigned

eleven miles from Ron's hotel.

The majority concludes that by undertaking to have dinner with his son, Ron made a distinct departure on a personal errand and was not in the course and scope of his employment at the time of his injury. I disagree. Under the "continuous coverage" rule, an employee is generally within the course and scope of his employment when the employer's business requires him to travel away from the employer's premises. *See Shelton v. Standard Ins. Co.*, 389 S.W.2d 290, 293–294 (Tex. 1965); *Aetna Cas. & Sur. Co. v. Orgon*, 721 S.W.2d 572, 574–75 (Tex. App.—Austin 1986, writ ref'd n.r.e.). This includes functions that are necessary for the employee to perform his work while away on business such as eating and sleeping. *See Shelton*, 389 S.W.2d at 294. An exception to the rule exists when an employee makes a "distinct departure on a personal errand." *See id.* at 293.

The DWC appeals panel noted that there "is no cited case where a trip of 12 miles to a restaurant within a major metropolitan area such as Dallas has been held to be a deviation from the business purpose of the trip." Moreover, the employer's travel policy contemplates that a spouse or guest may accompany the employee on a business trip without rendering the employee's actions beyond the course and scope of employment. The travel policy merely provides that the employer will reimburse the employee as if he or she were traveling alone. The fact that Ron was to meet his son for dinner does not remove that activity from the accepted course and scope of Ron's employment. However, it does trigger an analysis under the dual purpose doctrine found in section 401.011(12)(B). TEX. LAB. CODE ANN. § 401.011(12)(B).

Section 401.011(12)(B) excludes dual purpose travel from the course and scope of employment unless the exceptions in both subsection (i) and (ii) are shown. *Id.* Under subsections (B)(i) and (ii), it must be shown that the travel would have been made to the place of injury even if there had been no personal reason to do so and that the travel would not have been

–2–

made had there been no business purpose. *Id.* There is no doubt that Ron's travel to the place of injury was for a dual purpose, but there is no evidence establishing that he would have traveled to the place of injury without the personal purpose and would not have traveled there without the business purpose. In the absence of such evidence, no exception to the dual purpose exclusion has been shown.  The trial court's judgment should be affirmed.

I concur with the Court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

140892CF.P05