**Opinion filed October 1, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00276-CV

_____

**PENNY RIGGS, Appellant**

**V.**

**OLD REPUBLIC INSURANCE COMPANY, Appellee**

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV1310459**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a denial of workers' compensation death benefits with the Texas Department of Insurance, Division of Workers' Compensation (DWC). The DWC determined that the deceased did not sustain a compensable injury and that the injury occurred while the deceased was intoxicated, relieving the carrier of liability. The decedent's wife subsequently sought judicial review. The trial court

granted a no-evidence summary judgment and ordered that the decedent's wife take nothing. We affirm.

*Factual and Procedural History*

In October 2012, 3M was starting a new production facility in Tuas, Singapore. Employees from 3M's Brownwood facility assisted in setting up the new facility. The company provided rooms for its employees at the Swissotel and a shuttle service to transport the employees from the hotel to the plant. Ernest Riggs, an employee of 3M, traveled from Texas to Singapore on October 6, 2012, to assist with the new facility.

Riggs arrived in Singapore on October 7th and had breakfast at the hotel. He stated that he was tired after a long day of travel, and he retired to his room for a nap. That evening, Riggs attended a "cocktail hour" with other employees at the hotel's executive lounge. Kenneth Campbell was with Riggs in the lounge. Campbell testified that he and Riggs stayed at the lounge from 6:00 p.m. to 8:00 p.m. drinking beer. Campbell did not remember how many beers Riggs had consumed. After the cocktail hour, Riggs and Campbell skipped dinner and left the hotel to go to Clarke Quay, an area near the hotel where employees would frequently sit and socialize after work. To reach Clarke Quay from the hotel, employees crossed a bridge on foot.

Once at Clarke Quay, employees could buy beer from a convenience store and mingle with other Americans who were in the area for business. Campbell testified that he and Riggs stayed in the area drinking beer and chatting with a group of people from Louisiana until around midnight. The two then crossed back over the bridge to the hotel side and met up with other employees as they returned from dinner. The employees stayed at the bridge and continued to drink; Campbell testified that he had "a couple" of beers and that Riggs probably did as well. Campbell continued to stay at the bridge with the other employees, and Riggs left to return to the hotel.

Campbell did not remember Riggs slurring his speech, stumbling, or otherwise appearing intoxicated. Paul Barberie, one of the employees who crossed paths with Campbell and Riggs at the bridge, testified that he thought Riggs was "extremely intoxicated" and acting out of character. The next morning, Riggs was found dead in a grassy area outside the hotel underneath the window of his sixth-floor hotel room. Riggs appeared to have left his room through the window to access a balcony that was not attached to his room. Riggs died as a result of the fall.

Appellant, Penny Riggs, filed a claim for workers' compensation death benefits. Appellee, Old Republic Insurance Company, disputed Appellant's claim, and the DWC held a contested case hearing on May 28, 2013, to decide (1) whether Riggs suffered a compensable injury and (2) whether Riggs was intoxicated at the time of the injury. The DWC Hearing Officer decided both issues in favor of Appellee, finding that the deceased was not injured during the scope of his employment and that the deceased was intoxicated at the time of his death.

Appellant timely appealed the DWC decision, and the Appeals Panel reviewed the matter and permitted the Hearing Officer's decision to become final. *See* TEX. LAB. CODE ANN. § 410.204(c) (West 2015). Appellant then sought judicial review, asserting that Riggs suffered a compensable injury during the course and scope of his employment and that he was not intoxicated at the time of his death.

Both parties moved for summary judgment. Appellant filed a traditional motion for summary judgment; Appellee filed a combined no-evidence and traditional motion for summary judgment. In its no-evidence motion, Appellee asserted two grounds: (1) that there was no evidence that Riggs was in the course and scope of his employment when he died and (2) that there was no evidence that Riggs was not intoxicated at the time of his death. After a hearing on the motions, the trial court granted Appellee's no-evidence motion for summary judgment. On appeal, Appellant presents two issues. In the first issue, she argues that the trial court

erred when it granted summary judgment because Appellant produced some evidence that Riggs was not intoxicated. In the second issue, Appellant contends that the trial court erred in admitting an unredacted copy of the DWC Hearing Officer's decision.

*Standard of Review*

We review an appeal from a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review a no-evidence motion for summary judgment under the same legal sufficiency standard as a directed verdict. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Under this standard, the nonmovant has the burden to produce more than a scintilla of evidence to support each challenged element of its claims. *Id.*; *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). We review the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the movant. *Merriman*, 407 S.W.3d at 248. Where, as here, the trial court's order granting the no-evidence summary judgment does not specify which of the two grounds it relied on, we must affirm the judgment if either of the grounds are meritorious. *See Lucan v. HHS Systems, L.L.C.*, 439 S.W.3d 606, 609 (Tex. App.—Eastland 2014, no pet.) (citing *FM Properties Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)). We find one of Appellee's grounds dispositive of this appeal: the element related to the course and scope of Riggs's employment.

*Analysis*

The Texas Workers' Compensation Act (the Act) provides for a modified de novo judicial review of a final DWC decision involving compensability or eligibility for death benefits. *Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 253 (Tex. 1999); *see* LAB. § 410.301(a). The party appealing the final DWC decision has the burden of proof by a preponderance of the evidence. LAB. § 410.303.

Additionally, the Act limits judicial review to "issues decided by the [DWC]." *Id.* § 410.302(b).

Under the Act, a compensable injury is "an injury that arises out of and in the course and scope of employment for which compensation is payable under [the Act]. *Id.* § 401.011(10). Course and scope of employment means "an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer." *Id.* § 401.011(12). "An essential element that an employee must prove in order to recover workers' compensation benefits is that the injury was sustained in the course of employment." *Biggs v. U.S. Fire Ins. Co.*, 611 S.W.2d 624, 627 (Tex. 1981).

The trial court granted Appellee's no-evidence motion, in which Appellee had asserted that there was no evidence that Riggs was in the course and scope of his employment at the time of death and that there was no evidence that Riggs was not intoxicated at the time of his death. Thus, Appellant had the burden to produce some evidence that Riggs was acting in the course and scope of his employment at the time he fell from the sixth floor of the hotel. On appeal, Appellant appears to have essentially abandoned this element. Instead, Appellant argues that "[t]he DWC Hearings Officer found that Mr. Rigg's [sic] business trip to Singapore originated in the business affairs of his employer" and that, because Appellee failed to challenge that finding, "it is now binding."

It is true that the DWC Hearing Officer made such a finding of fact and that Appellee did not raise a challenge. However, Appellant's reliance on the finding is misplaced. The relied-on finding is factual, and findings of fact are distinct from "issues decided." LAB. § 410.302(b). Here, the issues decided by the DWC were (1) whether Riggs suffered a compensable injury resulting in his death and

(2) whether Riggs was intoxicated at the time of his injury. Judicial review is limited to issues decided by the appeals panel. *See id.*

Accordingly, one of the issues before the trial court was whether Riggs suffered a compensable injury. The test for whether an employee was injured while acting in the course and scope of his employment—and thus suffered a compensable injury—encompasses more than identifying the origin of a business trip. *See, e.g.*, *Shelton v. Standard Ins. Co.*, 389 S.W.2d 290, 293 (Tex. 1965) (considering the scope of employment for an employee "whose work entails travel away from the employer's premises"). Instead, the general rule is that a compensable injury "(1) must be of a kind or character originating in or having to do with the employer's work, and (2) must have occurred while engaged in the furtherance of the employer's business or affairs." *Biggs*, 611 S.W.2d at 627. Although Riggs was traveling at the behest of his employer, to be compensable, his injury must have "its origin in a risk created by the necessity of sleeping or eating away from home" and must not bear the characteristics of "a distinct departure on a personal errand." *Shelton*, 389 S.W.2d at 293.

Even assuming the issue has been properly raised on appeal, the record is absent any evidence showing that Riggs was acting in the course and scope of his employment when he fell from the sixth floor of his hotel.

Because Appellant did not meet her burden to present more than a scintilla of evidence regarding course and scope, and because it is an essential element of a workers' compensation claim that the employee was injured while in the course and scope of employment, the trial court properly granted Appellee's no-evidence motion for summary judgment. To the extent that Appellant raises this matter in her first issue, we overrule that issue.

Having now decided that summary judgment was proper because Appellant failed to produce evidence that Riggs was acting in the course and scope of his

employment, we need not address the portion of Appellant's first issue in which she complains that summary judgment was improper to the extent that it was based upon the matter of intoxication, nor need we address Appellant's second issue in which she complains about Appellee's summary judgment evidence. *See* TEX. R. APP. P. 47.1 (written opinion of appellate court must address only issues necessary for the final disposition of the appeal).

*This Court's Ruling*

We affirm the judgment of the trial court.

KEITH STRETCHER

JUSTICE

October 1, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.