# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2022

Lyle W. Cayce
Clerk

No. 21-20231
Summary Calendar

Casey Johnson, Administratrix of the Estate of David Shane Glazner, deceased and as next friend of R.G., a minor; Jamie Gordon, as next friend J.G., a minor; Theresa Strickland, individually and as assignee of J.T. Glazner, Jr.,

*Plaintiffs—Appellants*,

*versus*

Joseph Anthony Caroli,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-4092

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Casey Johnson, Jamie Gordon, and Theresa Strickland (collectively, "Plaintiffs-Appellants") filed this suit against Joseph Anthony Caroli alleging wrongful death and survival claims on behalf of their children. The district court granted summary judgment in favor of Caroli. We affirm.

## I. FACTUAL & PROCEDURAL BACKGROUND

In July 2018, Caroli and David Shane Glazer were both employed with Covenant Testing Technologies, LLC ("Covenant") when they were sent to work at an out-of-town wellsite in Midland, Texas. For business trips such as this one, Covenant provided its employees with lodging, a company vehicle, and reimbursement for fuel expenses. The lodging provided to employees was known as "man camp." There, employees were provided living and dining accommodations but were permitted to leave the site for various reasons such as running errands or fueling up their vehicles.

On July 14, Caroli and Glazner decided to go to dinner in Pecos, Texas. Caroli drove his company vehicle and Glazner rode as a passenger. The two had dinner, stopped to get gas, picked up sandwiches from Subway, and began driving back to man camp. On the drive back, around 1:40 a.m., Caroli fell asleep at the wheel and his vehicle crossed the center line of the road, hit an eighteen-wheeler, and burst into flames. Caroli survived but Glazner died at the scene of the accident. Soon thereafter, Covenant's workers' compensation insurer began remitting payments to Glazner's children as his beneficiaries.

In October 2019, Plaintiffs-Appellants filed this suit against Catapult Energy Services Group, LLC ("Catapult"), Covenant, and Caroli under the Texas Wrongful Death and Survival Act. *See* TEX. CIV. PRAC. & REM. CODE Ch. 71, Subch. (A)–(B). During the course of the proceedings, Catapult and Covenant were dismissed from the suit and Caroli was left as the only remaining named defendant. In their complaint, Plaintiffs-

No. 21-20231

Appellants alleged that Caroli had permission from his employer to operate the vehicle and that he was acting in the course and scope of his employment during the time of the collision. They sought actual and exemplary damages with interest. Later, they moved to amend their complaint to allege that Caroli was *not* acting in the course and scope of his employment during the collision.

Caroli moved for summary judgment on grounds that Plaintiffs-Appellants' personal injury claims were barred under the Texas Workers' Compensation Act's ("TWCA" or "the Act") exclusive remedy provision. *See* TEX. LAB. CODE § 408.001(a). The district court agreed, rendered summary judgment in favor of Caroli, and denied Plaintiffs-Appellants' motion to amend.[1] In rendering its judgment, the district court commended the arguments made by the plaintiffs but nevertheless concluded that this was "a workers' compensation bar case" under the applicable precedent. This appeal followed.

## II. STANDARD OF REVIEW

We conduct a de novo review of a district court's grant of summary judgment. *Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (citing FED. R. CIV. P. 56(a)). "A panel may affirm summary judgment on any ground supported by the record, even if it is different from that relied on by the district court." *Reed v. Neopost USA, Inc.*,

---

[1] At the summary judgment hearing, the district court pointed out that Plaintiffs-Appellants' statement in their live pleading that Caroli was in the course and scope of his employment could be considered a judicial admission.

No. 21-20231

701 F.3d 434, 438 (5th Cir. 2012) (internal quotation marks and citation omitted).

### III. DISCUSSION

On appeal, Plaintiffs-Appellants argue that the district court erred in rendering summary judgment because neither Caroli nor Glazer was acting in the course and scope of employment when the collision happened. They also contend that Glazner's minor children did not have the legal capacity to elect the remedy of accepting workers' compensation benefits after their father's death.[2]

The TWCA "provides the exclusive remedy for injuries sustained by an employee in the course of his employment as a result of his employer's negligence." *Ward v. Bechtel Corp.*, 102 F.3d 199, 203 (5th Cir. 1997); *see also* TEX. LAB. CODE § 408.001(a) ("Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee."). "The Texas Legislature enacted the [TWCA] in 1913 in response to the needs of workers, who, despite escalating industrial accidents, were increasingly being denied recovery." *SeaBright Ins. Co. v. Lopez*, 465 S.W.3d 637, 642 (Tex. 2015) (citation omitted). "[T]o balance the competing interests of providing compensation for injured employees while protecting employers from the costs of litigation, the Legislature provided a mechanism by which workers could recover from subscribing employers without regard to the workers' own negligence while limiting the employers' exposure to uncertain, possibly high damage awards permitted under the

---

[2] Plaintiffs-Appellants do not appeal the district court's denial of their motion to amend.

common law." *Id.* (internal quotation marks and citations omitted). The Act strikes a compromise that provides employees with "a lower, but more certain, recovery than would have been possible under the common law." *Id.* (citation omitted). To effectuate its purposes, courts liberally construe the Act in favor of coverage to injured workers. *Id.* (citation omitted).

An injury is compensable under the Act if it is sustained by an employee acting in the course and scope of his employment. *See* Tex. Lab. Code § 401.011(10). "'Course and scope of employment' means an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer." Tex. Lab. Code § 401.011(12)); *see also Leordeanu v. Am. Prot. Ins. Co.*, 330 S.W.3d 239, 243–44 (Tex. 2010). "The term includes an activity conducted on the premises of the employer or at other locations." *Id.* Relying on what is known as the "continuous coverage" rule, the Texas Supreme Court has "held that the course and scope of employment in cases of overnight travel is broad, extending even beyond the actual act of travel itself to include injuries sustained during 'down time.'" *Zurich Am. Ins. Co. v. McVey*, 339 S.W.3d 724, 731–32 (Tex. App.—Austin 2011) (citation omitted).

On the other hand, in what has been codified as the "coming and going" rule, an employee's travel to and from work does not usually fall under the Act's course-and-scope definition. *See* Tex. Lab. Code § 401.011(12)(A); *McVey*, 339 S.W.3d at 728. This is "because [t]he risks to which employees are exposed while traveling to and from work are shared by society as a whole and do not arise as a result of the work of employers." *SeaBright*, 465 S.W.3d at 642 (internal quotation marks and citation omitted). However, an exception arises if "the relationship between the travel and the employment is so close that it can fairly be said that the injury had to do with

No. 21-20231

and originated in the work, business, trade or profession of the employer." *Id.* (quoting *Shelton v. Standard Ins. Co.*, 389 S.W.2d 290, 292 (Tex. 1965)). Courts have also held that employees traveling in company vehicles are excepted from the coming and going rule. *See McVey*, 339 S.W.3d at 729 ("[I]t is also undisputed that [the employee] was traveling in a vehicle that his company provided and paid for . . . [c]onsequently, [the employee's] travel is excepted from the 'coming and going' rule.").

As the district court observed, the circumstances of this case are similar to those set forth in *Shelton*. 389 S.W.2d 290. There, the petitioner was working out of town and was struck by an automobile while crossing the street between his motel and a restaurant where he was going to have dinner. *Id.* at 291. In holding that the petitioner was in the course and scope of his employment when he was struck, the Texas Supreme Court reasoned:

> Petitioner was on a trip of several days duration for his employer. Food and sleep were necessary if he was to perform the work for which he was hired, and under the terms of his employment contract he was permitted to stop and satisfy these physical needs and was paid the expenses incident thereto. He was not in Dallas by his own choice but was required to be there to do his job . . . In these circumstances we are unable to say as a matter of law that his crossing the street to obtain food was not an incident of the employment, or that the injuries he received did not have to do with and originate in the employer's business.

*Id.* at 294.

The factual scenario in *Shelton* is largely indistinguishable from the one here. In both cases, the employees who were working at out-of-town job sites decided to eat dinner at a restaurant off location (as they were permitted by their employers to do) and were subsequently injured while traveling from

their lodging accommodations to the restaurant (like Shelton) or from the restaurant to their lodging accommodations (like Glazner). In *Shelton*, the Texas Supreme Court concluded that this activity was within the course and scope of employment and thus compensable under the workers' compensation statute. *Id.* We do the same here. Other Texas courts have drawn similar conclusions under analogous circumstances. *See SeaBright*, 465 S.W.3d at 645 (holding that employee who was killed while traveling in his company vehicle to an out-of-town worksite was acting in the course and scope of his employment); *McVey*, 339 S.W.3d at 732, 734 (holding that employee who was killed while traveling in his company vehicle to an out-of-town worksite was in the course and scope of his employment and reasoning that he "was not traveling [out of town] by his own choice but was required to go there to do his job"). Moreover, Texas's continuous coverage rule supports this analysis since Glazner was an employee working at an out-of-town jobsite when he sustained injuries while traveling during "down time." *See McVey*, 339 S.W.3d at 731–32.

For these reasons, we hold that the district court did not err in rendering summary judgment in favor of Caroli on grounds that Plaintiffs-Appellants' claims are barred by the exclusive remedy provision of the TWCA.[3] *See* TEX. LAB. CODE § 408.001(a).

---

[3] In light of this holding, we need not reach Plaintiffs-Appellants' remaining argument that Glazner's minor children did not have the legal capacity to elect the remedy of accepting workers' compensation benefits after their father's death. Nevertheless, we note that the record reflects that, although Glazner could have opted out of coverage under the TWCA, he chose not to do so. *See* TEX. LAB. CODE § 406.034(a) ("[U]nless the employee gives notice as provided by Subsection (b), an employee of an employer waives the employee's right of action at common law or under a statute of this state to recover damages for personal injuries or death sustained in the course and scope of the employment."). Consequently, Plaintiffs-Appellants' election of remedies argument is inapposite here.

## IV. CONCLUSION

For the foregoing reasons, the district court's summary judgment is AFFIRMED.